SILVERMANACAMPORA LLP
Attorneys for Marianne T. O'Toole,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Justin S. Krell

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

In re:

KENNETH SHIHAI KING and YIEN KOO KING,

                Debtors.

-----------------------------------------------------------------------x

MARIANNE T. O'TOOLE, as chapter 7 Trustee of
the Estate of Kenneth Shihai King and Yien Koo King,

                Plaintiff,

-against-

KENNETH SHIHAI KING AND
YIEN KOO KING AND JOHN AND JANE
DOES 1-10 AND ABC PARTNERSHIPS
AND XYZ CORPORATION 1-50 (JOHN
AND JANE DOES, ABC PARTNERSHIPS
AND XYZ CORPORATION BEING NAMES
UNKNOWN TO PLAINTIFF AT THIS TIME,
BEING ENTITIES OR PERSONS WHO ARE
CUSTODIANS, OR TRANSFEREES OF ANY
PROPERTY OF THE DEBTORS),

                Defendants.

-----------------------------------------------------------------------x

Chapter 7
Case No.: 07-13907 (MG)

Adv. Pro.: 08-01264 (MG)

## STIPULATION SETTLING TRUSTEE'S CLAIMS IN AND TO CERTAIN ASSETS OF THE DEBTORS AND CLOSING ADVERSARY PROCEEDING

        I.        On December 11, 2007 (the "Filing Date"), Kenneth Shihai King and Yien Koo King (the "Debtors") filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

        II.       On May 28, 2008, the Debtors' chapter 11 case was converted to a chapter 7 liquidation proceeding.

III. Thereafter, on May 29, 2008, Marianne T. O'Toole was appointed as interim chapter 7 Trustee of this estate, has since duly qualified, and is the permanent Trustee in this case.

IV. By stipulation dated March 23, 2010, the Trustee's time to object to discharge currently expires on May 26, 2010 (the "Discharge Deadline").

V. The Trustee and her counsel have investigated the Debtors' assets and had repeatedly requested that the Debtors itemize, identify the location of, and turn over all property of the estate listed in the Debtors' Schedules, including but not limited to, all artwork listed therein and valued at approximately $2 million (the "Personal Property").

VI. The Trustee commenced adversary proceeding 08-01264 (the "Adversary Proceeding") by filing a complaint seeking, among other things, an injunction, permanently restraining and enjoining the Debtors from using, dissipating, assigning, encumbering, hypothecating or transferring any and all of the Personal Property, and requesting the turnover of the Personal Property pursuant to 11 U.S.C. §§541 and 542 (the "Claims")[1].

VII. Throughout the Adversary Proceeding, the Trustee through her counsel has been in continued discussions with the Debtors' counsel in an effort to amicably resolve the Claims for the benefit of the Debtors' creditors. Based on those discussions, the Trustee and the Debtors have negotiated an amicable resolution of the Claims.

VIII. In order to avoid the delay, uncertainty, and expense of litigation of the Claims and the administrative costs for liquidating the Personal Property, the family of the Debtors' (the "Family") have agreed to remit the sum of Two Hundred Thousand and 00/100 ($200,000.00) Dollars for the benefit of the Debtors from escrow funds held by Plummer & Plummer LLP (the "Settlement Sum") to resolve the Claims.

---

[1] The value of Personal Property is difficult to ascertain and may not be subject to being monetized in such a way that the Trustee would be able to obtain a money judgment for the full value of the Personal Property with respect to the Claims because the uniqueness of much, if not all, of the Personal Property and the volatility of the market place.

IX. The Trustee believes, based on the Settlement Sum, there may be available funds to satisfy 100% of the timely filed allowed unsecured claims in this case[2].

X. Based upon the Trustee's business judgment, she has agreed to settle the Claims upon the following terms and conditions, which the Trustee believes are fair and reasonable, especially in light of the cost and uncertainty of litigation and the administrative costs for liquidating the Personal Property.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the parties hereto, that the Claims be resolved upon the terms and conditions set forth herein as follows:

1. This stipulation (the "Stipulation") is subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court fails to authorize and approve the terms and conditions of this Stipulation in its entirety, then this Stipulation shall be null and void and will have no further force and effect and nothing contained herein shall be deemed a waiver of the rights to any party hereto.

2. Upon execution of the Stipulation, the Debtors shall remit the Settlement Sum to the Trustee by check made payable to "Marianne T. O'Toole, Chapter 7 Trustee" and delivered to SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; Attn: Ronald J. Friedman, Esq.

3. Upon receipt of the executed Stipulation and the Settlement Sum, the Trustee will move for an order (the "Order") approving this Stipulation.

4. Prior to the Order becoming final and non-appealable, the Settlement Sum shall be held in an escrow account maintained by the Trustee. In the event the Bankruptcy Court fails to authorize and approve the terms and conditions of this Stipulation in its entirety,

---

[2] On December 19, 2008, the Court authorized and approved an interim distribution to (a) Phillips Nizer LLP in the amount of $575,000.00; (b) McLaughlin & Stern LLP in the amount of $100,000.00; (c) The Law Firm of Hugh H. Mo P.C. in the amount of $200,000.00; and (d) Gibson, Dunn & Crutcher LLP in the amount of $100,000.00. Based on that interim distribution, the only remaining timely filed allowed unsecured claims are those of Phillips Nizer LLP in the amount of approximately $138,000, and Gibson, Dunn & Crutcher LLP in the amount of approximately $237,000.

the Settlement Sum held in escrow by the Trustee shall be returned to Plummer & Plummer LLP, as attorneys for the Family.

5. Upon the Order becoming final and non-appealable, the Settlement Sum shall be transferred and deposited into the Debtors' estate account.

6. Upon the Order becoming final and non-appealable and full payment of the Settlement Sum: (a) the Trustee releases, discharges and waives the Claims against the Debtors related to the Personal Property and the Adversary Proceeding; and (b) the Debtors release, discharge and waive any and all claims against the Trustee, her past, present and future successors, assigns, attorneys, accountants and the Debtors' estate.

7. Upon the Order becoming final and non-appealable and full payment of the Settlement Sum the Trustee shall not seek any additional extensions of time to object to the Debtors' discharge and waives the balance of her time to object to the Debtors' discharge and the Discharge Deadline shall be deemed to occur as of the final order date.

8. It is understood and agreed that payment under this Stipulation is not to be construed as an admission of liability on the part of either party and that this Stipulation is entered into only to avoid costly and protracted litigation between the parties.

9. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

10. The Stipulation may not be altered, modified or changed unless in writing and subject to the appropriate order of the Court.

11. This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for purposes of this Stipulation.

12. The person executing this Stipulation on behalf of each respective party warrants and represents that he or she is authorized to execute and deliver this Stipulation on behalf of such party.

13. Upon the entry of a Bankruptcy Court Order approving this Stipulation, the Adversary Proceeding, assigned case number 08-01264 (MG) shall be closed.

Dated: Jericho, New York
April 14, 2010

SILVERMANACAMPORA LLP
Attorneys for Marianne T. O'Toole, the
Chapter 7 Trustee

By: _____
Ronald J. Friedman, Esq.
A Member of the Firm
100 Jericho Quadrangle Suite 300
Jericho, New York 11753
(516) 479-6300

Dated: New York, New York
April __, 2010

The Law Offices of Gabriel Del Virginia
Attorneys for Kenneth Shihai King and Yien Koo King

By: _____
Gabriel Del Virginia, Esq.
488 Madison Avenue-19th Floor,
New York, New York 10022.
(212) 371-5478

Dated: Hauppauge, New York
April 13, 2010

Plummer & Plummer LLP
Attorneys for the Family Members of the Debtors

By: _____
Hubert G. Plummer, Esq.
77 Arkay Drive
Suite H
Hauppauge, New York 11788
Phone: (631) 231-3717

JSK/0301625v/F055499

Dated: New York, New York
      April 13, 2010

                                                                                             Kenneth Shihai King

Dated: New York, New York
      April 13, 2010

                                                                                             Yien Koo King

JSK/D301625v/F055499